UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
DEC 01 2006



| | | |
|---|---|---|
| A&B BUSINESS EQUIPMENT, INC., | * | CIV. 06-4184 |
| | * | MEMORANDUM OPINION AND ORDER |
| Plaintiff, | * | RE: MOTION TO DISMISS |
| vs. | * | OR, IN THE ALTERNATIVE, |
| | * | MOTION TO TRANSFER |
| RICOH CORPORATION, | * | |
| Defendant. | * | |

The Defendant, Ricoh Corporation, has moved this Court pursuant to 28 U.S.C. § 1406(a) and Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiff's Complaint (Doc. 1) for the reason that venue is improper. In the alternative, Defendant moves the Court pursuant to 28 U.S.C. §§ 1404(a) or 1406(a) for an Order transferring this case to the United States District Court for the District of New Jersey. Doc. 6. For the reasons stated in this Memorandum Opinion, the Court is transferring this case to the United States District Court for the District of New Jersey.

## BACKGROUND

Plaintiff, A & B Business Equipment, Inc., a South Dakota corporation, and Defendant, Ricoh Corporation, a New Jersey corporation, entered into a contract in September of 2004, called the Dealer Agreement. Section 20(a) of the Dealer Agreement contains the following forum-selection and jurisdictional clause:

> This Agreement shall be governed by, interpreted and enforced in accordance with the laws of the State of New Jersey without regard to its principles of conflicts of laws. Dealer hereby consents to the jurisdiction and venue of any state or Federal court located within the State of New Jersey upon service of process made in accordance with the statutes of New Jersey or the United States, as applicable, and further agrees that the state and Federal courts located in the State of New Jersey shall have exclusive jurisdiction over any and all causes of action between Ricoh and Dealer, whether or not arising under this Agreement.

Plaintiff, in its complaint, alleges that it became a Ricoh dealer in 1994 and that in the fall of 2002 Plaintiff entered into the "current Retail Dealer Sales Agreement" with Defendant. Plaintiff further alleges that Defendant provided Plaintiff with defective copy machines, refused to reimburse Plaintiff for warranty claims made by Plaintiff's business customers, and engaged in discriminatory anticompetitive activities. Plaintiff further contends that it retained an attorney and threatened legal action, and that the parties eventually utilized a mediator to resolve their disputes. Plaintiff alleges this mediation was held in Chicago, Illinois, on June 28, 2006, and that at the conclusion of the mediation the parties reached an oral settlement agreement. Plaintiff claims that following the mediation it received letters from Defendant's counsel advising that Defendant would not be honoring the terms and conditions of the alleged oral settlement agreement. Plaintiff then commenced this action in this Court.

Plaintiff's Complaint sets forth a single count of breach of contract seeking specific performance of the alleged oral settlement agreement. Plaintiff asserts that jurisdiction is based on diversity of citizenship. Plaintiff asserts that venue is proper in federal district court in South Dakota pursuant to 28 U.S.C. § 1391[1], because a substantial part of the events giving rise to the action occurred in this District, a majority of the allegedly defective products remain in the district, and Defendant traveled to this District to resolve the outstanding issues between the parties. In addition, Plaintiff asserts that venue is proper in this District because Defendant continues to conduct business in this District and receive substantial compensation and profits in return.

---

[1] 28 U.S.C.A. § 1391(a) provides:
> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

2

## WHETHER THE FORUM-SELECTION CLAUSE IN
## THE 2004 DEALER AGREEMENT IS ENFORCEABLE?

In determining a motion to dismiss or transfer for improper venue in a case such as this, the key issue is whether the clause is enforceable. *See M.B. Restaurants, Inc. v. CKE Restaurants, Inc.*, 183 F.3d 750, 752 (8th Cir.1999) (*citing M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972)). Although the Eighth Circuit has not adopted a definitive position on whether this is a procedural question governed by federal law or a substantive question governed by state law under the *Erie* doctrine[2], *see Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 789 (8th Cir. 2006), both South Dakota and the Eighth Circuit follow the federal standard announced by the Supreme Court in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).

Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching. *M/S Bremen*, 407 U.S. at 15.. They are enforceable unless they would actually deprive the opposing party of his fair day in court. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95 (1991); *see also McDonnell Douglas Corp. v. Islamic Republic of Iran*, 758 F.2d 341, 346 (8th Cir.1985). Where the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially "heavy burden of proof" to avoid its bargain. *Bremen*, 407 U.S. at 17. Only "some compelling and countervailing reason" will excuse enforcement of a bargained-for forum selection clause. *Id.* at 12; *Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d at 789; *see also, Baldwin v. Heinold Commodities, Inc.*, 363 N.W.2d 191, 195 (S.D. 1985)(South Dakota Supreme Court observes that "the United States Supreme Court [in *Bremen*] held that forum selection clauses are binding unless the party who seeks to litigate elsewhere shows that enforcement of the clause would be unreasonable, unfair or unjust.").

Although Plaintiff does not allege that the inclusion of the forum selection clause in the 2004 Dealer Agreement was the result of fraud or overreaching, Plaintiff contends that the case pending before this Court is an independent breach of contract action not governed by the forum selection clause. Plaintiff contends that since it has brought an action to enforce an oral Settlement

---

[2] *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

3

Agreement, and since the Settlement Agreement does contain a forum- selection clause or a clause incorporating the 2004 Dealer Agreement, the forum-selection clause in the 2004 Dealer Agreement does not apply to this action.

The Eighth Circuit has pronounced that determining the scope of a forum -selection clause is a "rather case-specific exercise," and that "[s]trategic or artfully drawn pleadings ... will not work to circumvent an otherwise applicable forum selection cause." *Terra Intern., Inc. v. Mississippi Chemical Corp.*, 119 F.3d 688, 694-695 (8th Cir. 1997); *see also, Highlander Gulf, Inc. v. Wal-Mart Stores, Inc*, 115 F.Supp.2d 1157, 1160 (D.S.D. 2000).

The stated purpose of the 2004 Dealer Agreement is to set forth the terms and conditions pursuant to which Plaintiff shall sell and maintain certain Ricoh brand products in an established geographic area. Paragraph 20(d) of the 2004 Dealer Agreement provides that the Agreement constitutes the entire agreement between the parties and that neither party is bound by any prior or collateral statement, agreements or understandings. Paragraph 20(d) further provides that no amendments, supplements or modifications of the Agreement shall be binding unless in writing and executed by both parties. In its request for specific performance relief in its Complaint, Plaintiff is asking, among a number of things, that Defendant expand Plaintiff's sales territory to North Dakota, provide a different pricing retroactively on hardware, parts and supplies, and pay a certain salary to three additional sales representatives.

This Court cannot agree with Plaintiff's position that the 2004 Dealer Agreement is not implicated in the action before this Court. The 2004 Dealer Agreement need not be the subject of this action, however, for the forum-selection clause to apply. The forum-selection clause provides that the "state and Federal courts located in the State of New Jersey shall have exclusive jurisdiction over any and all causes of action between Ricoh and Dealer, whether or not arising under this Agreement." The nature of this action does not prevent the forum-selection clause in the 2004 Dealer Agreement from being applicable to this case.

Having determined that the forum-selection clause is applicable to this cause of action the Court must now determine whether the clause is unreasonable. In *Baldwin v. Heinold Commodities, Inc.*, 363 N.W.2d 191, 194 (S.D.1985), the South Dakota Supreme Court relied on a four-factor test to determine the reasonableness of a forum selection clause: "(1) the law which governs the

formation and construction of the contract; (2) the residency of the parties; (3) the place of execution and/or performance of the contract; and (4) the location of the parties and witnesses involved in the litigation." This Court considered these factors in determining whether a forum-selection clause was reasonable in *Highlander Golf, Inc. v. Wal-Mart Stores, Inc.*,115 F.Supp.2d 1157, 1161 (D.S.D.,2000).

Plaintiff, in arguing that the forum-selection clause is unreasonable, relies on South Dakota law setting forth public policy with regard to franchise agreements. Plaintiff contends that the forum-selection clause in this case is void under S.D.C.L. § 37-5A-51.1. This statute provides: "Any provision in a franchise agreement restricting jurisdiction or venue to a forum outside this state or requiring the application of the laws of another state is void with respect to a claim otherwise enforceable under this chapter." Although Plaintiff, in its complaint, never alleged that the parties were operating under a franchise agreement and never asserted any cause of action under the South Dakota Franchise Act, Plaintiff now contends that it is operating under a franchise agreement and South Dakota's franchise law should apply. Plaintiff requests that this Court follow *Farmland Indus., Inc. v. Frazier-Parrot Commodities*, 806 F.2d 848, 852 (8th Cir. 1989), *abrogated on other grounds by Lauro Lines S.R.L. v. Chasser,* 490 U.S. 495 (1989), which held that in determining whether to enforce a contractual forum selection clause, consideration should be given to a state's public policy forbidding forum selection clauses.

Even if the Court assumes for purposes of the argument that the parties are operating under a franchise agreement, the Court does not conclude that the forum-selection clause is unenforceable under S.D.C.L. § 37-5A-51.1. Plaintiff's argument that the forum-selection clause is unenforceable because it is in violation of South Dakota's public policy fails because Plaintiff never alleged a claim under South Dakota's Franchise Act and the Complaint cannot be read to put Defendant on notice that it intended such a claim. *See Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P., 254 F.3d 753, 758 (8th Cir. 2001)* (appellate court refuses to consider public policy of Missouri Franchise Act when Plaintiff never alleged a claim under the Act, and complaint could not be read to put Defendant or the District Court on notice that Plaintiff intended to allege such a claim).

Plaintiff's complaint contains one cause of action for breach of contract and requests specific performance of an oral settlement agreement. Breach of contract is not a "claim otherwise

5

enforceable under this chapter," under S.D.C.L. § 37-5A-51.1, so the overriding public policy of South Dakota does not invalidate the forum-selection clause in the 2004 Dealer Agreement. *See Pinnacle Pizza Co., Inc. v. Little Caesar Enterprises, Inc.*, 395 F.Supp.2d 891, 897-898 (D.S.D. 2005). The public policy in favor of holding parties to their agreements has been described as the "'dominant policy in contract cases ... the better to promote commerce.'"*Servewell Plumbing, LLC v. Federal Ins. Co.*, 439 F.3d 786, 791 (8th Cir.2006)( quoting *Omron Healthcare, Inc. v.. Maclaren Exports Ltd.*, 28 F.3d 600, 603 (7th Cir. 1994).In the case at hand that dominant policy prevails.

Defendant is a New jersey corporation with its principal place of business in West Caldwell, New Jersey. Part of the performance of the Dealer Agreement has taken place in New Jersey. Although the alleged oral settlement agreement took place in Chicago, Illinois, witnesses apparently reside in both South Dakota and New Jersey. On the balance, the factors set forth in *Baldwin v. Heinold Commodities, Inc.*, 363 N.W.2d 191, 194 (S.D.1985), support a determination that the forum- selection clause is reasonable.

## WHETHER THE CASE SHOULD BE TRANSFERRED TO NEW JERSEY?

28 U.S.C. § 1406(a) provides : "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." The Court does not believe it is in the interest of justice to dismiss this case as the case could have been brought in the courts of New Jersey. The Court will then consider Defendant's alternative motion to transfer this case to the United States District Court for the District of New Jersey.

The Court's ability to transfer the case to New Jersey is governed by 28 U.S.C. § 1404(a) which reads: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."*See also, Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 32(1988)(holding "federal law, specifically 28 U.S.C. § 1404(a), governs the District Court's decision whether to give effect to the parties' forum selection clause and transfer this case"); *Highlander Golf, Inc. v. Wal-Mart Stores, Inc.*, 115 F.Supp.2d 1157, 1162 (D.S.D. 2000).

There are three factors this Court must consider in deciding whether to transfer a case: "(1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice."

6

*Terra International*, 119 F.3d at 691. This court's examination, however, is not limited to these three factors and the determination of whether to transfer must be made on a case-by-case basis. *Id.* Further, a "valid and applicable forum selection clause" is properly considered a " 'significant factor that figures centrally' " in the court's decision. *Id.*( quoting *Stewart*, 487 U.S. at 29). In consideration of the fact that the Defendant is located in New Jersey, and the fact that the forum-selection clause in the Dealer Agreement provides that venue shall be in New Jersey and New Jersey law shall apply to any cause of action between the parties, this Court will transfer this case to the United States District Court for the District of New Jersey. Accordingly,

IT IS ORDERED:

(1) That Defendant's Motion to Dismiss for Improper Venue is denied;

(2) That Plaintiffs' Alternative Motion to Transfer the case to the United States District Court for the District of New Jersey is granted; and

(3) That this action be transferred in accordance with the forum selection clause in the 2004 Dealer Agreement to the United States District Court for the District of New Jersey

Dated this 1st day of December, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: Shelly Margulies
(SEAL)    DEPUTY